UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN CARLOS G. A., | Case No. 26-cv-941 (LMP/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Petitioner Juan Carlos G. A. is a citizen of Ecuador who has resided in the United States since September 2020. *See* ECF No. 1 ¶ 12. He is not subject to a final order of removal. *Id.* ¶ 13. He was arrested by immigration officials in Minneapolis, Minnesota, on February 1, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶ 15.

Juan Carlos G. A. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 31. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), and that the Government has not presented a warrant that justifies his detention. *See id.* Juan Carlos G. A. now brings a verified petition for a writ of habeas corpus and requests expedited handling of his petition.

*See generally id.* Juan Carlos G. A.'s physical location was unknown as of the time his petition was filed, but he is believed to be detained within Minnesota. *See id.* ¶ 7.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Juan Carlos G. A. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Juan Carlos G. A. raises the same legal issues and largely requests the same relief granted in those cases, namely: (1) an order requiring his immediate release from custody if the Government fails to present an administrative warrant justifying his arrest and detention; or (2) if a warrant is presented, an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 15–16.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Juan Carlos G. A.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Wednesday, February 4, 2026, certifying the true cause and proper duration

2

of Juan Carlos G. A.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Juan Carlos G. A.'s detention in light of the issues raised in his Petition;

    b. A reasoned memorandum of law and fact explaining the Government's legal position on Juan Carlos G. A.'s claims;

    c. A good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*; and

    d. The Government's recommendation on whether an evidentiary hearing should be conducted;

3. If Juan Carlos G. A. intends to file a reply to the Government's answer, he must do so on or before Friday, February 6, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order; and

5. The Government is **ORDERED** not to move Juan Carlos G. A. outside of the District of Minnesota during the pendency of these proceedings, so that

---

[1] The Court reserves the right to grant the Petition before Juan Carlos G. A. files his reply brief if the Government's answer plainly demonstrates that Juan Carlos G. A. is entitled to relief.

Juan Carlos G. A. may consult with his counsel and participate in this litigation while the Court considers his Petition.

Dated: February 2, 2026  
Time: 12:55 p.m.

*s/Laura M. Provinzino*  
Laura M. Provinzino  
United States District Judge